# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RAHMAAN MANZAR EL HERMAN,<br><br>　　　　Defendant. | No. CR04-4042-MWB<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on February 13, 2007. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Rahmaan Manzar El Herman ("El Herman") appeared in person with his attorney, Shelley Horak. The Government offered the testimony of Task Force Officer Shawn Jensen, and Deputy U.S. Marshal Michael Fuller.

The court must determine whether any condition or combination of conditions will reasonably assure El Herman's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of El Herman as required and the safety of the community if the court finds there is probable cause to believe El Herman committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates that during the time period covered by the Indictment, El Herman was a very large-scale distributor of powder and crack cocaine. His criminal history includes an eluding charge, and a probation revocation. Of particular significance to the court is the evidence that El Herman knew there was an outstanding federal warrant for his arrest, but he failed to surrender to authorities and apparently took steps to evade arrest. This is evidenced by his question to the arresting officer, "How'd you find me?" Further, El Herman has failed to offer any evidence to rebut the presumption that he is a danger to the community and a flight risk. Viewing the record as a whole, the court finds nothing to indicate El Herman would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that El Herman is a flight risk, and by clear and convincing evidence that El Herman would be a danger to the community if released. Therefore, the court finds the following:

1. El Herman is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford El Herman reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver El Herman to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2

Case 5:04-cr-04042-MWB   Document 25   Filed 02/13/07   Page 2 of 3

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, El Herman must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 13th day of February, 2007.

*/s/ Paul A. Zoss*
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT